## CELESTE LANGUOD V. THE STATE.

No. 21160. Delivered June 12, 1940.

The opinion states the case.

*D. F. Sanders* and *J. A. Veillon,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is the possession of untaxed intoxicating liquor. The punishment assessed is a fine of $100.00 and confinement in the county jail for a period of thirty days.

Appellant's first complaint is that the court erred in declining to sustain her motion to quash the information on the ground of a variance between the information and the complaint upon which it is based. An inspection of the complaint and the information discloses that in the complaint the appellant was charged with the possession of intoxicating liquor in a container which did not bear evidence of the fact that the tax had been paid thereon. The information follows the complaint in this respect, and in addition thereto, charges that the appellant had theretofore, on the 4th day of December, A. D. 1939, in the County Court at Law of Jefferson County, Texas, been duly and legally convicted of an offense of like character as that hereinabove charged against her in this cause, to-wit, the possession of an illicit alcoholic beverage in a container to which no tax stamp showing the payment of the tax on said beverage due to the State of Texas was affixed, etc.

The case was submitted to the jury on both the original offense charged and the theory that the appellant had theretofore been convicted in the County Court at Law of Jefferson County, Texas, of a like or similar offense as that charged in the complaint, and the jury returned a verdict finding her guilty as charged and assessed her punishment as above indicated. What is this punishment for? Is it for the simple offense charged in the complaint or it is for the principal offense with the enhanced punishment by reason of a former conviction of a like offense? Had the court not instructed the jury on the law relative to her former conviction it would have been tantamount to a withdrawal thereof from the consideration thereof by the jury and might not have been prejudicial.

It is the well-settled law of this State that the material allegations of an information must substantially conform to those of the complaint upon which it is founded. If the complaint fails to charge an offense, the matter cannot be cured by correctly charging the same in the information. In the instant case, there was no charge in the complaint that the appellant had theretofore been convicted in the County Court at Law of Jefferson County of a like or similar offense. Consequently, the information did not follow the complaint, and so far as that charge is concerned, there was no basis in the complaint for the allegation in the information. Hence, the court should have sustained the motion to quash that part of the information which charged the former conviction of a like or similar offense. In support of what we have said, we refer to Texas Jur. Vol. 12, p. 795, sec. 405; also Neece v. State, 62 Texas Cr. R. 378.

Having reached the conclusion that the court committed error in failing to quash that part of the information which has no support in the complaint, the judgment of the trial court is reversed and the prosecution ordered dismissed, subject to the right of the State to file a new information in conformity with the complaint.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.